**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02039-REB-MJW

STEVEN SIGNER, a Colorado resident,

    Plaintiff,

v.

IRENE PIMKOVA, a California resident,
VIDIP, LLC, a Nevada limited liability company,
WILLIAM ELDER, a Canadian resident,
ANDREW TROJNER, a Canadian resident, and
JOHN DOES 1-9,

    Defendants.

**ORDER RE: AMENDED MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT ANDREW TROJNER**

**Blackburn, J.**

    The matter before me is plaintiff's **Amended Motion for Default Judgment Against Defendant Andrew Trojner** [#31], filed January 24, 2006.  Plaintiff seeks a default judgment pursuant to Fed.R.Civ.P. 55(b)(2) against defendant Andrew Trojner.  I grant the motion in part and deny it without prejudice in part.

    Plaintiff duly served copies of the summons and Verified Complaint in this matter on Trojner, who resides in Canada, in accordance with Article 6 of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, as required by Fed.R.Civ.P. 4(f).  Trojner has failed to answer or otherwise respond within the time permitted by law, and, thus, has admitted the factual allegations of the complaint other than those relating to damages.  *See* **FED.R.CIV.P**. 8(d); *see also Burlington Northern Railroad Co. v.*

***Huddleston***, 94 F.3d 1413, 1415 (10th Cir. 1996).  Accordingly, he has conceded that he is liable to plaintiff for intentionally interfering with plaintiff's contractual relations and for defamation.  Entry of default pursuant to Fed.R.Civ.P. 55(a) was made by the Clerk of the Court on December 5, 2005.  Plaintiff, therefore, is entitled to default judgment against Trojner.

Plaintiff has shown that as a result of Trojner's tortious acts, he has lost an average of $89,001.21 per month in commissions.  He seeks twelve months' worth of lost commissions as damages.  Accordingly, plaintiff is entitled to $1,068,014.50 in damages from Trojner.

Plaintiff also requests as an element of his damages the attorney's fees he has been forced to expend to defend himself against litigation instigated by the investors to whom Trojner made defamatory remarks.  Even in the absence of contractual or statutory authority, attorney's fees may be recovered as an element of damages when the defendant's actions caused the plaintiff to become involved in litigation with third parties. ***See Wilshire Oil Co. of Texas v. Riffe***, 409 F.2d 1277, 1285 (10th Cir. 1969).  Nevertheless, plaintiff has failed to offer any evidence to support a conclusion that the attorney's fees he seeks are necessary and reasonable, as required by my Practice Standards.  ***See*** REB Civ. Practice Standards V.I.1.e.  ***See also Elijah v. Fender***, 674 P.2d 946, 951 (Colo. 1984) ("When the natural and probable consequence of a wrongful act has been to involve plaintiff in litigation with other, the general rule is that the *reasonable* expenses of the litigation may be recovered from the wrongdoer.") (citation and internal quotation marks omitted; emphasis added).  Based on the present record,

plaintiff is not yet entitled to attorney's fees as an element of his damages.

**THEREFORE, IT IS ORDERED** as follows.

1.  That plaintiff's **Amended Motion for Default Judgment Against Defendant Andrew Trojner** [#31], filed January 24, 2006, is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**;

2.  That the motion is **GRANTED** with respect to plaintiff's requests for the entry of a judgment of default against defendant Andrew Trojner and an award of lost commissions as damages;

3.  That plaintiff's motion is **DENIED WITHOUT PREJUDICE** insofar as it requests an award of attorney's fees as an element of damages;

4.  That default judgment **SHALL ENTER** on behalf of plaintiff, Steven Signer, and against defendant, Andrew Trojner, as to all plaintiff's claims against Trojner;

5.  That plaintiff is **AWARDED** damages in the principal amount of $1,068,014.50;

6.  That plaintiff is **AWARDED** post-judgment interest on the principal amount of the judgment from the date of this order until the judgment is fully paid pursuant to 28 U.S.C. § 1961; and

7.  That plaintiff is **AWARDED** his costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR. 54.1.

Dated February 1, 2006, at Denver, Colorado.

                                              **BY THE COURT:**

                                              **s/ Robert E. Blackburn**
                                              **Robert E. Blackburn**
                                              **United States Magistrate Judge**