IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 05-cv-02039-REB-MJW

STEVEN SIGNER, a Colorado resident

    Plaintiff and Counterclaim Defendant,

v.

IRENE PIMKOVA, a California resident; VIDIP, LLC, a Nevada limited liability company,

    Defendants and Counterclaim Plaintiff,

WILLIAM ELDER, a Canadian resident; ANDREW TROJNER, a Canadian resident; and JOHN DOES 1-9,

    Defendants,

BATHGATE CAPITAL PARTNERS, LLC, a Colorado limited liability company,

    Counterclaim Defendant, and

PETER W. BACHMANN,

    Non-party at Fault.

---

**PROTECTIVE ORDER**

---

This Protective Order is entered to safeguard the confidentiality of certain documents produced by the parties in this case.

IT IS HEREBY ORDERED THAT:

1. The parties shall indicate that certain documents requested from them are to be protected by this Protective Order by stamping the legend "Subject to Protective Order " or "Confidential" on every page of the documents so designated. Except as may otherwise be provided by this Protective Order or by order of the Court, documents so designated (the "Documents") shall be used solely for purposes of this proceeding and may be disclosed only to (a) the parties to this proceeding and their officers, directors, employees, and affiliates; (b) counsel of record in this proceeding, and persons regularly employed in offices of such counsel and advisors; (c) witnesses or prospective witnesses, to the extent necessary for the preparation of such witnesses, and to the counsel representing such witnesses in connection with this proceeding; and (d) experts or consultants, if any, the parties retain to assist in the proceeding, to the extent such disclosure is deemed necessary by counsel in order for an expert or consultant to render his or her advice or opinions.

2. Any person being given access to Documents shall, prior to being given such access, be advised of the terms of this Protective Order and shall thereby become subject to such terms, including, without limitation, the provision that such Documents may not be disclosed other than as described in Paragraph 1 above and shall be used solely for the purposes of this proceeding.

3. Counsel for the parties, and any person designated under Paragraph 1, shall not reveal or disclose or make available the Documents or any information contained therein, to any unauthorized person, except as provided herein or as required to be disclosed by law. The Documents shall be used only for purposes of prosecuting and defending this proceeding and for no other purpose whatsoever. Counsel for the parties shall exercise reasonable care to ensure that when the Documents are used for the purposes permitted hereunder, the circumstances of such use do not reveal the content of the Documents to any unauthorized person.

4. Any party to this proceeding may at any time notify the other parties to this proceeding in writing of its objection that one or more of the Documents designated as confidential are not entitled to protection under the terms of this Protective Order. The parties shall first confer in a good faith attempt to resolve such dispute. If such attempt fails to resolve the dispute, the party making the objection shall thereupon have the right to apply to the Court for a ruling terminating the designation. Documents designated as confidential shall retain their confidential status until such time as the parties expressly agree otherwise in writing or the Court determines otherwise.

*— Consistent with D.C.Colo.LCivR 7.2 And 7.3.*

*MJW 8-16-06*

2

5. The provisions of this Protective Order shall continue in effect unless or until expressly released by all parties, or ordered by the Court.

6. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this proceeding and, in the course thereof, referring to or relying upon information in the Documents.

7. Nothing in this Protective Order shall bar the disclosure of Documents by any party if required to be disclosed by court order or in response to a third-party subpoena; provided that prior to such disclosure, the party(ies) intending to make disclosure shall give the other party(ies) fifteen (15) days prior written notice of the intended disclosure.

DATED this 16TH day of August 2006.

BY THE COURT:

_____
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE