IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 05-cv-02039-REB-MJW

STEVEN SIGNER,

Plaintiff(s),

v.

IRENE PIMKOVA, et al.,

Defendant(s).

---

RECOMMENDATION ON PRO SE DEFENDANT ANDREW TROJNER'S
"DECLARATION SUPPORTING MOTION TO SET ASIDE ENTRY OF DEFAULT
JUDGMENT" [SIC] (DOCKET NO. 63)

---

This matter was before the court for hearing on September 25, 2006, on the Pro Se Defendant Andrew Trojner's "Declaration Supporting Motion to Set Aside Entry of Default Judgment" [sic](docket no. 63). The court has reviewed the motion, and responses (docket nos. 69 and 72). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Moreover, the court has considered the testimony and credibility of Pro Se Defendant Andrew Trojner. It should be noted that although Plaintiff's exhibits 1 through 7, inclusive, were marked during this hearing, they were not offered into evidence. The court now being fully informed makes the following findings of fact, conclusion of law and recommendation.

1

FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That the Pro Se Defendant Andrew Trojner's "Declaration Supporting Motion to Set Aside Entry of Default Judgment" [sic](docket no. 63) was referred to Magistrate Judge Michael J. Watanabe for hearing and recommendation by District Judge Robert E. Blackburn pursuant to an Special Order of Reference dated July 10, 2006 (docket no. 85).

2. That this court has jurisdiction over the subject matter and over the parties to this lawsuit pursuant to 28 U.S.C. § 1332.

3. That venue is proper in the state and District of Colorado.

4. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 63).

5. That the Clerk of Court has entered a Clerk's default pursuant to Fed. R. Civ. P. 55(a) against the Pro Se Defendant Andrews Trojner on December 5, 2005 (docket no. 20).

6. That the Pro Se Defendant Andrew Trojner is not an infant or incompetent, officer or agent of the State of Colorado, or in the military service.

7. That on February 1, 2006, District Judge Robert E. Blackburn

      granted in part and denied in part the Plaintiff's Amended Motion for Default Judgment Against the Pro Se Defendant Andrew Trojner (filed January 24, 2006) (docket no. 33).

8. That on February 2, 2006, the Clerk of Court per Judge Blackburn's Order (docket no. 33), entered judgment in favor of the Plaintiff Steven Signer and against the Pro Se Defendant Andrew Trojner in the principal amount of $1,068,014.50.  The Plaintiff was also awarded post-judgment interest on the principal amount of the judgment from February 1, 2006, in the amount of 4.50%, until the judgment is fully paid pursuant to 28 U.S.C. § 1961 and further the Plaintiff was awarded his costs to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P., 54(d)(1) and D.C.COLO.LCivR 53.1. See docket no. 34.

9. Fed. R. Civ. P. 60(b) provides in relevant part:

> On motion and upon terms as are just, the court may relieve a party... from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. See Cessna Fin. Corp. v.

        Bielenberg Masonry Contracting, Inc., 715 F.2d 1442 (10th Cir. 1983).

10. That to determine whether neglect is excusable, the court considers "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005).

11. That the Pro Se Defendant Trojner has lived and continues to live in Ontario, Canada. During the relevant time frame, the Pro Se Defendant Trojner was having difficulty receiving mail timely from the United States and also had his email account shut off for some period of time due to the fact that he was unable to pay for such internet service. In addition, that the Pro Se Defendant Trojner received information that service of process upon him was not valid and did not comply with the Hague Convention. Further, that the Pro Se Defendant initially believed that counsel, Mr. Tenenbaum, was going to represent him and it was not until later in the litigation when Mr. Tenenbaum informed the Pro Se Defendant Trojner that he could not represent him in this litigation. The Pro Se Defendant Trojner then immediately contacted counsel Scott Greco for legal

assistance once he received Co-Defendant William Elder's email of February 13, 2006, that a judgment had been entered against him.  This was the first time that the Pro Se Defendant Trojner realized that a default judgment had been entered against him. Lastly, the Pro Se Defendant Trojner has alleged a potentially meritorious defense in the subject motion.

12. That the Pro Se Defendant Trojner has meet his burden of proof under Fed. R. Civ. P. 60(b) as stated above.  This case is still pending against the other Defendants and discovery is ongoing. Setting aside the default judgment against the Pro Se Defendant Andrew Trojner will not impact the judicial proceedings. The Plaintiff has failed to demonstrate any real prejudice. The length of delay was not substantial and the Pro Se Defendant took immediate action once he realized that a default judgment had entered against him.  For all of these reasons, I recommend that the Pro Se Defendant Andrew Trojner's "Declaration Supporting Motion to Set Aside Entry of Default Judgment" [sic](docket no. 63) be granted and that the default judgment entered against in favor of the Plaintiff Steven Signer and against the Pro Se Defendant Andrew Trojner (docket no. 34) be VACATED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service to serve and file written, specific**

**objections to the above recommendation, with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written specific objections WILL PRECLUDE the party from a *de novo* determination by the District Judge, <u>United States v. Raddatz</u>, 447 U.S. 667, 676-83 (1980), and also WILL PRECLUDE appellate review of both factual and legal questions. <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-12 (10th Cir. 1996).**

## RECOMMENDATION

WHEREFORE, based upon these findings of fact and conclusions of law, this court RECOMMENDS:

1. That the Pro Se Defendant Andrew Trojner's "Declaration Supporting Motion to Set Aside Entry of Default Judgment" [sic](docket no. 63) be GRANTED;

2. That the default judgment entered in favor of the Plaintiff Steve Signer and against the Pro Se Defendant Andrew Trojner (docket no. 34) be VACATED; and,

3. That if Judge Blackburn adopts this court's recommendation, then the Pro Se Defendant Andrew Trojner shall file his Answer within fifteen days (15) of such adoption and order by Judge Blackburn.

Done this 23rd day of October, 2006

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge