**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02039-REB-MJW

STEVEN SIGNER, a Colorado resident,

    Plaintiff and Counterclaim Defendant,

v.

IRENE PIMKOVA, a California resident,
VIDIP, LLC, a Nevada limited liability company,

    Defendants and Counterclaim Plaintiffs,

ANDREW TROJNER, a Canadian resident, and
JOHN DOES, 1-9,

    Defendants,

BATHGATE CAPITAL PARTNERS, LLC, a Colorado limited liability company,

    Counterclaim Defendant, and

PETER W. BACHMAN,

    Nonparty at Fault.

**ORDER DENYING PLAINTIFF'S MOTION FOR REENTRY OF
JUDGMENT AGAINST DEFENDANT ANDREW TROJNER**

**Blackburn, J.**

    The matter before me is **Plaintiff's Motion For Reentry of Judgment Against Defendant Andrew Trojner** [#158], filed March 30, 2007. With the consent of the magistrate judge, the prior order of reference 2007 ([#164], filed April 2), as to this

motion only, is withdrawn.[1]  I deny the motion.[2]

Plaintiff asks me to reinstate the default judgment previously entered against Trojner as a sanction for failure to appear for his deposition.  On February 28, 2007, the magistrate judge ordered that Trojner's deposition take place on or before March 20, 2007.  (**Order Regarding Plaintiff's and Counterclaim Defendant Steven Signer's Motion For Orders Regarding Failure of Andrew Trojner to Appear For His Deposition Pursuant to F.R.C.P. [sic] 37(d) and D.C.Colo.LCivR 7.1 Certification (Docket No. 133)** at 2, ¶ 2 [#151], filed February 28, 2007.)  The magistrate judge warned Trojner that "failure to comply with this Order by Mr. Trojner may result in additional sanctions, including but not limited to, an entry of judgment by default against Mr. Trojner on those claims brought against Mr. Signer." (*Id*. at 3, ¶ 5.)  Despite this warning, Trojner failed to appear for his deposition within the time prescribed by the magistrate judge's order.  Plaintiff asks that the default judgment previously entered against Trojner, and later withdrawn, now be reinstated.

Default judgment is a harsh sanction.  Due process counsels against its imposition for a discovery violation except where "predicated upon 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply."  **Archibeque v. Atchison, Topeka & Santa Fe Railway**, 70 F.3d 1172, 1174 (10th Cir.1995) (quoting **National Hockey League v. Metropolitan Hockey Club, Inc.**, 427 U.S. 639, 640, 96

---

[1] This order does not affect the reference as to the other matters referred pursuant to Docket No. 164.

[2] Pursuant to D.C.COLO.LCivR. 7.1C, I exercise my discretion to rule on the motion without awaiting plaintiff's reply.

S.Ct. 2778, 2779 , 49 L.Ed.2d 747 (1976)).[3] No such willfulness is shown here. Indeed, Trojner's response demonstrates that he was unable to comply with the magistrate judge's orders because he and his eleven-year-old son were both hospitalized after they fell through the ice of Lake Ontario just one day prior to the date scheduled for his deposition. (Def. Resp. at 2, ¶ 4 & App., Exhs. 2, 3, 5 & 6 [#170], filed April 3, 2007.) Despite the seriousness of his condition, Trojner apprised plaintiff's counsel of his status. (***Id.***, App., Exh. 7.) Moreover, it does not appear the parties made any further attempts to reschedule Trojner's deposition following his release from the hospital, although they did discuss the exchange of certain documents, which it appears Trojner has provided to plaintiff. (***Id.***, App., Exhs. 9 & 10.)

These circumstances are the antithesis of willfulness. I, therefore, find and conclude that the entry of a default judgment as a sanction against Trojner for violation of a discovery order pursuant to Fed.R.Civ.P. 37(d) is not warranted.[4]

**THEREFORE, IT IS ORDERED** as follows.

1. That with the consent of the magistrate judge, the prior order of reference [#164], filed April 2, 2007, as to **Plaintiff's Motion For Reentry of Judgment Against Defendant Andrew Trojner** [#158], filed March 30, 2007, only, is **WITHDRAWN**; and

---

[3] In addition, before entering default judgment as a sanction for failure to comply with discovery orders, the court must examine and discuss, *inter alia*, the five factors set forth in ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 921 (10th Cir. 1992). Plaintiff does not even cite to this precedent, much less analyze how these factors should be evaluated in this case.

[4] I note too that the magistrate judge's order did not contemplate the entry of default judgment on the terms sought by plaintiff. Rather, the magistrate judge warned Trojner that failure to appear for his deposition might result in the entry of default judgment on his counterclaims against plaintiff, not as to plaintiff's claims against Trojner.

2. That **Plaintiff's Motion For Reentry of Judgment Against Defendant Andrew Trojner** [#158], filed March 30, 2007, is **DENIED**.

Dated April 5, 2007, at Denver, Colorado.

                                                **BY THE COURT:**

                                                **s/ Robert E. Blackburn**
                                                **Robert E. Blackburn**
                                                **United States District Judge**