**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02039-REB-MJW

STEVEN SIGNER, a Colorado resident,

    Plaintiff and Counterclaim Defendant,

v.

IRENE PIMKOVA, a California resident,
VIDIP, LLC, a Nevada limited liability company,

    Defendants and Counterclaim Plaintiffs,

ANDREW TROJNER, a Canadian resident, and
JOHN DOES, 1-9,

    Defendants.

BATHGATE CAPITAL PARTNERS, LLC,

    Counter Defendant.

## ORDER STAYING PROCEEDINGS

**Blackburn, J.**

    This matter is before me on the following:(1) **Plaintiff's Motion for Summary Judgment re: State Farm Coverage** [#224][1] filed September 21, 2009; and (2) garnishee State Farm Fire and Casualty Company's **Motion for Stay of Proceedings or, in the Alternative, Motion for Enlargement of Time To File Response To Plaintiff's Motion for Summary Judgment** [#225] filed October 31, 2009. Having reviewed the motions and the record in this case, I grant the motion to stay on the terms

---

[1] "[#224]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

stated in this order, and I deny the motion for summary judgment without prejudice.

After a bench trial on December 3, 2007, Judgment [#201] was entered in favor of the plaintiff, Steven Signer, and against defendant, Andrew Trojner, in the principal amount of 1,078,987 dollars. The judgment is based on a finding in favor of Signer and against Trojner on Signer's defamation claim against Trojner. *Findings of Fact, Conclusions of Law, and Orders* [#200] filed December 14, 2007. On April 2, 2008, Signer served a writ of garnishment on garnishee Stare Farm Fire and Casualty Company at State Farm's offices in Greeley, Colorado. The writ sought collection from State Farm of funds in satisfaction of the judgment against Trojner in this case. Trojner, a resident of Canada, had purchased State Farm insurance policies. Signer claims that one or more of the State Farm policies provide coverage for the defamation that is the basis for the Judgment [#201] against Trojner in this case.

On April 3, 2009, State Farm filed an answer to the writ of garnishment [#214] and Signer filed a traverse [#216] on April 22, 2009. On September 21, 2009, Signer filed his present motion for summary judgment [#224]. In his motion, Signer seeks, in essence, a declaration that the relevant State Farm policies provide coverage for Trojner's defamation of Signer, and he seeks judgment against State Farm for one million dollars plus interest as payment in satisfaction of the judgment against Trojner.

There is no dispute that Trojner is a resident of Ontario, Canada, that he purchased the State Farm policies in question in Canada, and that the interpretation of the policies is governed by Ontario law. On July 17, 2009, State Farm filed an application in the Ontario Superior Court of Justice. That lawsuit is captioned as *State Farm Fire and Casualty Company, Applicant v. Andrew Trojner and Stephen C. Singer,*

*Respondents*, Court File No CV-09-386854 (Ontario Action). In the Ontario Action, State Farm seeks a declaration that State Farm had no duty to defend or indemnify Trojner as to Signer's claim and judgment against Trojner under Trojner's State Farm policies of insurance based on the terms of the policies and Trojner's alleged breach of the policy conditions. In its motion to stay [#225], State Farm asks that I stay proceedings against State Farm in this case pending resolution of the Ontario Action.

Federal courts have the inherent power to stay an action based on the pendency of a related proceeding in a foreign jurisdiction. **National Union Fire Ins. Co. of Pittsburgh, PA. v. Kozeny**, 115 F.Supp.2d 1243 (D.Colo. 2000) (Babcock, J.). This power must be balanced against the courts' "strict duty to exercise the jurisdiction that is conferred upon them by Congress." **Quackenbush v. Allstate Ins. Co**, 517 U.S. 706, 716 (1996). I agree with the analysis adopted by Senior United States District Judge Lewis T. Babcock in **Kozeny**, including the six factors used by Judge Babcock in **Kozeny**, and I apply that analysis to State Farm's motion to stay.

1. <u>Similarity of the Two Actions</u> - Signer's motion for summary judgment and the Ontario Action address the same issue. That issue is whether or not Trojner's Canadian State Farm policies provide coverage for Trojner's defamation of Signer. The two actions are essentially identical.

2. <u>Promotion of Judicial Efficiency</u> - A stay of Signer's action against State Farm in this case will promote judicial efficiency. The State Farm policies in question are controlled by Ontario law and the Ontario Action will result in a coverage determination made by an Ontario court that is, without question, much more familiar with the

controlling law.

  3.  <u>Adequacy of Relief Available in the Alternative Forum</u> - The court in the Ontario Action will provide a conclusive and enforceable determination of the insurance coverage dispute that underlies the motion to stay.  If the Ontario court determines that one or more of the State Farm policies provide coverage, then that determination will be binding and enforceable in Signer's efforts to collect from State Farm money to satisfy Signer's judgment against Trojner.  The relief available in the Ontario court is adequate.

  4.  <u>Fairness and Convenience to Parties, Counsel, and Witnesses</u> - The State Farm policies in question are controlled by Ontario law and the Ontario Action will result in a coverage determination made by an Ontario court that is, without question, much more familiar with the controlling law.  This consideration weighs in favor of the Ontario court as a fair forum to determine the key issue in this case.  Trojner is a resident of Ontario and, presumably, litigation of this coverage dispute in Ontario is reasonably convenient for Trojner.  Signer is named as a respondent in the Ontario Action and, because Signer is a Colorado resident, his participation in the Ontario Action may be inconvenient for Signer.  However, Signer cites in his response [#226] only generalized claims of inconvenience if the coverage dispute is resolved in the Ontario court. Nothing in the record demonstrates that resolution of the coverage dispute in the Ontario court will significantly inconvenience counsel or witnesses.

  5. <u>Prejudice to the Parties</u> - Aside from potential inconvenience, discussed above, there is no indication that the parties will be prejudiced if the coverage dispute is resolved by the Ontario court rather than this court.  The Ontario court is, without question, much more familiar with the controlling law and there is no basis to conclude

4

that a determination of the coverage dispute by such a court will result in any prejudice to the relevant parties in this case.

6. <u>Temporal Sequence of the Filing of the Actions</u> - Signer served his writ of garnishment on State Farm before State Farm filed the Ontario Action. A short time later, on July 17, 2009, State Farm filed the Ontario Action. Signer filed his motion for summary judgment in this case on September 21, 2009. According to Signer, on the evening of September 21, 2009, he was served at his home in Boulder, Colorado, with papers notifying him, for the first time, of the Ontario Action.

Considering the circumstances of this case and the relevant factors, discussed above, I conclude that proceedings on Signer's motion for summary judgment [#224] should be stayed pending resolution of the Ontario Action, *State Farm Fire and Casualty Company, Applicant v. Andrew Trojner and Stephen C. Singer, Respondents*, Court File No CV-09-386854. It is highly likely that resolution of the Ontario Action conclusively will resolve the issues presented in Signer's motion for summary judgment [#224]. Thus, I deny without prejudice Signer's motion for summary judgment pending resolution of the Ontario action.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Stay of Proceedings or, in the Alternative, Motion for Enlargement of Time To File Response To Plaintiff's Motion for Summary Judgment** [#225] filed October 31, 2009, by garnishee, State Farm Fire and Casualty Company, is **GRANTED** on the terms stated in this order;

2. That on or before October 8, 2010, garnishee, Stare Farm Fire and Casualty

Company, **SHALL FILE** with this court a status report describing the status of the Ontario Action, *State Farm Fire and Casualty Company, Applicant v. Andrew Trojner and Stephen C. Singer, Respondents*, Court File No CV-09-386854, currently pending in the Ontario Superior Court of Justice, which action was initiated by State Farm;

3. That within ten (10) days of the issuance by the Ontario Superior Court of Justice of any order or judgment resolving the coverage dispute at issue in *State Farm Fire and Casualty Company, Applicant v. Andrew Trojner and Stephen C. Singer, Respondents*, Court File No CV-09-386854, garnishee, Stare Farm Fire and Casualty Company, **SHALL FILE** with this court a status report describing the order or judgment, describing any possible or contemplated additional proceedings relevant to the order or judgment, and including with the status report a copy of any relevant order or judgment issued by the Ontario Superior Court of Justice;

4. That pending resolution of *State Farm Fire and Casualty Company, Applicant v. Andrew Trojner and Stephen C. Singer, Respondents*, Court File No CV-09-386854, now pending in the Ontario Court of Justice, the **Plaintiff's Motion for Summary Judgment re: State Farm Coverage** [#224] filed September 21, 2009, is **DENIED** without prejudice;

5. That within 30 days after the issuance by the Ontario Superior Court of Justice of any order or judgment resolving the coverage dispute at issue in *State Farm Fire and Casualty Company, Applicant v. Andrew Trojner and Stephen C. Singer, Respondents*, Court File No CV-09-386854, the plaintiff, Steven Singer, **MAY RENEW** his motion for summary judgment in this court by filing with the court either a notice that

he wishes to renew his motion for summary judgment [#224] or by filing a new motion for summary judgment with this court; and

      6. That otherwise, proceedings in this court on the plaintiff's efforts to enforce his writ of garnishment against garnishee Stare Farm Fire and Casualty Company are **STAYED** pending resolution of *State Farm Fire and Casualty Company, Applicant v. Andrew Trojner and Stephen C. Singer, Respondents*, Court File No CV-09-386854, now pending before the Ontario Superior Court of Justice.

      Dated September 14, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

7